HERNANDEZ LASKA LLP
JOSEPH E. LASKA (Bar No. 221055)
Email: jlaska@hernandezlaska.com
NATHANIEL A. COHEN (Bar No. 289142)
Email: ncohen@hernandezlaska.com
3415 S. Sepulveda Blvd., Suite 1100
Los Angeles, CA 90034
Telephone: (310) 742-5817

Attorneys for Defendants
CALIFORNIA PHYSICIANS' SERVICE
dba BLUE SHIELD OF CALIFORNIA and
BLUE SHIELD OF CALIFORNIA LIFE AND
HEALTH INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN O'NEILL,<br><br>                   Plaintiff,<br><br>        v.<br><br>CALIFORNIA PHYSICIANS' SERVICE<br>DBA BLUE SHIELD OF CALIFORNIA;<br>BLUE SHIELD OF CALIFORNIA LIFE AND<br>HEALTH INSURANCE COMPANY,<br><br>                   Defendants. | Case No. 3:25-cv-00876-JSC<br><br>Hon. Jacqueline Scott Corley<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Hearing date: March 27, 2025<br>Hearing time: 2:00 p.m.<br><br>(On removal from San Francisco County Superior Court Case No. CGC-24-620709) |

## I.    OPPOSITION

Defendants respectfully ask that the Court deny as moot Plaintiff's motion to strike affirmative defenses (ECF No. 12). Plaintiff's motion targets Defendants' February 3, 2025 answer to Plaintiff's complaint originally filed in the Superior Court of California for the County of San Francisco. (*See* ECF No. 1-2 (complaint); ECF No. 7 (answer).)

Defendants, exercising their rights under Fed. R. Civ. P. 15(a)(1), have now filed an amended answer to Plaintiff's complaint. (ECF No. 18 (amended answer).) Defendants filed their amended answer on February 18, 2025, within the 21-day time allowed to file an amended pleading as of right. Fed. R. Civ. P. 15(a)(1)(A).

Defendants' amended answer supersedes Defendants' original answer as a matter of law, and any motions targeting affirmative defenses in the original answer became moot upon filing of the amended answer. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (discussing "the general rule" that "an amended complaint supersedes the original complaint and renders it without legal effect" and a limited exception regarding preservation of claims on appeal); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 3:19-cv-1391-CRB, 2020 WL 7249274, at *1 n.1 (N.D. Cal. Dec. 9, 2020) (denying as moot a motion to strike affirmative defenses "in Volkswagen's answer" because "Volkswagen filed an amended answer"); *H-D USA LLC v. Affliction Holdings LLC*, No. 2:20-cv-01642-VAP-MRWx, 2020 WL 11035918, at *2 (C.D. Cal. Oct. 29, 2020) ("As the operative answer is now Defendant's Second Amended Answer, Plaintiffs' Motion to Strike Affirmative Defenses in Defendant's First Amended Answer is moot."); *Lou v. Ma Labs., Inc.*, No. 12-cv-05409-WHA, 2013 WL 3989425, at *5 (N.D. Cal. Aug. 2, 2013) ("The motions to strike defendants' affirmative defenses and for leave to file a second amended answer (both filed before plaintiff Lou sought leave to file her amended complaint) are therefore [moot]"); *see also Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) ("Generally, amended pleadings supersede original pleadings.")

Other district courts are in accord. *See, e.g.*, *Ramindesign, LLC, v. Skarzynski*, No. 23-cv-24838, 2024 WL 5103658, at *1 (S.D. Fla. Nov. 4, 2024), *report and recommendation adopted*, No. 23-cv-24838, 2024 WL 5103502 (S.D. Fla. Nov. 20, 2024); *Ford v. Midland Credit Mgmt.*,

- 1 -

*Inc.*, No. 3:23-cv-00213-TCB-RGV, 2024 WL 1009527, at *1 (N.D. Ga. Feb. 27, 2024); *GCA Servs. Grp., Inc. v. Parcou, LLC*, No. 2:16-cv-02251, 2016 WL 9307505, at *1 (W.D. Tenn. June 6, 2016).

In contrast, where a defendant seeks *leave* to file an amended answer under Fed. R. Civ. P. 15(a)(2) and argues that a motion to strike affirmative defenses from the original answer should be denied as moot, some courts have analyzed together the propriety of amendment and the issue of mootness, investigating whether a *proposed* amended pleading "cures … deficiencies" in the original answer. *See MLW Media LLC v. World Wrestling Ent., Inc.*, No. 5:22-cv-00179-EJD, 2023 WL 7167117, at *2 (N.D. Cal. Oct. 31, 2023). This Court has undertaken such an analysis in response to a proposed amended answer under Fed. R. Civ. P. 15(a)(2). *Howard v. Tanium, Inc.*, No. 21-cv-09703-JSC, 2022 WL 597028, at *4 (N.D. Cal. Feb. 28, 2022).

But in this case, where Defendants are exercising their right to amend as of right under Fed. R. Civ. P. 15(a)(1)(A), there is no need to analyze the propriety of proposed amendments and whether those proposed amendments, for example, are prejudicial or "futile" as addressed in *Howard*. *See Howard*, 2022 WL 597028, at *2-4; *see also United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

The Court should therefore deny as moot Plaintiff's motion to strike affirmative defenses in Defendants' original complaint.

## II.    CONCLUSION

Defendants respectfully ask the Court to deny Plaintiff's motion to strike affirmative defenses.

Dated: February 19, 2025                                    HERNANDEZ LASKA LLP

By: /s/ Joseph E. Laska
    Joseph E. Laska
    Attorneys for Defendants
    CALIFORNIA PHYSICIANS' SERVICE
    dba BLUE SHIELD OF CALIFORNIA
    and BLUE SHIELD OF CALIFORNIA
    LIFE AND HEALTH INSURANCE
    COMPANY

- 2 -