UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KATHLEEN O'NEILL,

    Plaintiff,

  v.

CALIFORNIA PHYSICIANS' SERVICE, et al.,

    Defendants.

Case No. 25-cv-00876-JSC

**ORDER RE: PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REMAND**

Re: Dkt. Nos. 8, 12

Plaintiff Kathleen O'Neil, proceeding without attorney representation, sues California Physicians' Services, dba Blue Shield of California, and Blue Shield of California Life and Health Insurance Company (collectively, "Defendants") for wrongfully terminating her insurance policy. Pending before the Court are Plaintiff's motion for remand and motion to strike Defendants' affirmative defenses. (Dkt. Nos. 8, 12.)[1] After carefully considering the arguments and briefing submitted, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Plaintiff's motions.

## BACKGROUND

### A. Complaint Allegations

In 2015 Plaintiff purchased a health insurance policy (the "Policy") from Defendants. (Dkt. No. 1-2 at 7.) Shortly after the Policy went into effect, Defendants falsely terminated the Policy for non-payment. (*Id.* at 7.) Defendants reinstated the Policy a month later, only to

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  terminate it again in December 2015. (*Id.*) Defendants' actions deprived Plaintiff of acupuncture
2  benefits for 2015. (*Id.* at 8.) Defendants also "falsified documents, committing mail, wire, phone,
3  and tax fraud to accept payments from Plaintiff and the State of California while denying the
4  existence of the policy." (*Id.*) Defendants engaged in an identical pattern of conduct throughout
5  2016 and 2017 when Defendants terminated the Policy, reinstated it, and terminated again. (*Id.* at
6  8, 9.) Additionally, Defendants refused to pay Plaintiff's acupuncture expenses incurred from
7  2016 and 2017. (*Id.* at 9.) By 2018, Defendants' conduct had severely harmed Plaintiff's credit
8  score and left her indebted to medical providers for bills Defendants refused to pay. (*Id.*)

### B. Procedural History

On December 17, 2024, Plaintiff filed her complaint in California state court. (*Id.*) Plaintiff brings claims against Defendants for (1) fraud and deceit, (2) tax fraud, (3) wire fraud, (4) phone fraud, (5) mail fraud, (6) embezzlement, (7) conspiracy to defraud, and (8) a Racketeer Influenced and Corrupt Organizations Act (RICO) claim under 18 U.S.C. § 1962. (*Id.* at 7-14.)

Defendants removed to this Court on January 27, 2025, pursuant to 28 U.S.C. § 1441(a), (Dkt. No. 1), and on the same day answered the complaint. (Dkt. No. 7.) Plaintiff then moved to remand the action to state court for lack of federal question jurisdiction, (Dkt. No. 8), and to strike Defendants' affirmative defenses. (Dkt. No. 12.) Defendants opposed remand and subsequently filed an amended answer to the complaint. (Dkt. Nos. 17, 18.) Plaintiff did not file a reply in support of the motions.

## DISCUSSION

### A. Motion for Remand

Plaintiff argues remand is required because there is no federal question jurisdiction and Defendants' removal was untimely.

#### I. Federal Question Jurisdiction

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1441(a). A defendant may remove an action to federal court based on federal question jurisdiction

2

or diversity jurisdiction.  28 U.S.C. § 1441.  Federal courts have federal question jurisdiction over cases arising under federal law.  28 U.S.C. § 1331.  RICO claims "arise[] under and [are] governed by a comprehensive federal enforcement scheme*." Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  Plaintiff makes a federal RICO claim against Defendants for violations of 18 U.S.C. § 1962.  (Dkt. No. 1-2 at 14).  Because the RICO statute is federal law, Plaintiff's RICO claim arises under federal law and the Court possesses federal question jurisdiction.  *See id.* ("Because the RICO claim is 'one arising under the laws of the United States' it falls within the district court's original jurisdiction and is thus removable.")  So, Defendants properly removed the action to this Court.

A district court with federal question jurisdiction has supplemental jurisdiction over nonfederal claims "that are so related to claims in the action within such original jurisdiction that they may form part of the same case or controversy."  *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021) (citing 28 U.S.C. § 1367(a)).  "Nonfederal claims are part of the same case as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."  *Tr. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (cleaned up).  Because Plaintiff's nonfederal causes of action form the basis for the alleged RICO conspiracy, the state law claims "derive from a common nucleus of operative fact" as her RICO claim.  For example, Plaintiff's allegations that Defendants denied claims, falsified documents, and misrepresented facts to further the overarching conspiracy are the basis for her RICO claim, as well as the nonfederal fraud and deceit, and conspiracy to defraud claims.  (Dkt. No. 1-2 at 11, 12, 14.)  So, the Court retains supplemental jurisdiction over Plaintiff's state law claims.

Finally, Plaintiff argues Defendants' removal is an "attempt to manipulate the judicial process by forum shopping."  (Dkt. No. 8 at 4.)  But a defendant is authorized to remove under 28 U.S.C. § 1441(a), and proper removal to federal court does not amount to improper forum shopping.  *See Tomlinson v. GEICO Gen. Ins. Co.,* 433 F.App'x 499, 501 (9th Cir. 2011) ("[R]emoval alone is not indicative of forum-shopping."); *R2B2, LLC v. Truck Ins. Exchange,*

No. C21-5585 BHS, 2021 WL 6049552, at *2 (W.D. Wash. Dec. 21, 2021) ("A plaintiff is free to file in whatever appropriate court it chooses, but if the parties are diverse, or the complaint raises a federal question, the defendant has the right to timely remove the case to federal court.").

## II.     Timeliness of Removal

To effectuate proper removal, the removing party must file the notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). If the last day of the 30-day period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

Defendants' removal was timely. Plaintiff served Defendants a copy of the summons and complaint on December 26, 2024. (Dkt. No. 1 ¶ 4.) Thirty days after December 26, 2024, was Saturday, January 25, 2025. Because the 30th day fell on a Saturday, the deadline for Defendants to file their notice of removal was "the end of the next day that is not a Saturday, Sunday, or legal holiday", which was Monday, January 27, 2025. Fed. R. Civ. P. 6(a)(1)(C). Defendants filed their notice of removal on January 27, 2025, so the removal was timely. *See Anderson v. State Farm Mut. Auto. Ins. Co.,* 917 F.3d 1126, 1128 n.2 (9th Cir. 2019) ("Thirty days from February 13, 2015, was Sunday March,15, 2015, so the notice of removal would have been timely filed on Monday, March 16, 2015.").

\*\*\*

Because the complaint makes a claim under federal law and Defendants timely removed to this Court, Defendants properly removed the case pursuant to 28 U.S.C. § 1441 and Plaintiff's motion for remand is DENIED.

### B. Motion to Strike Affirmative Defenses

Plaintiff moves to strike Defendants' affirmative defenses pled in their first Answer to the Complaint on the grounds they "are bare legal conclusions without any supporting factual allegations." (Dkt. No. 12 at. 3.) Defendants filed their Answer to the Complaint on February 3, 2025. (Dkt. No. 7.) Two days later, Plaintiff moved to strike Defendants' affirmative defenses made in their Answer. (Dkt. No. 12.) But on February 18, Defendants filed an amended Answer

4

pursuant to Federal Rules of Civil Procedure 15(a)(1)(A).  (Dkt. No. 18.)  Because 21 days had not passed since the filing of their initial answer, Defendants had the unilateral right to file the amended answer.

So, Plaintiff's motion to strike is moot because it targets an inoperative pleading—Defendants' initial answer.  (Dkt. No. 12.)  Upon the filing of an amended answer, the prior answer becomes superseded.  *Greenfield v. Cross River Bank*, No. 21-CV-09296-MMC, 2022 WL 3370773, at *1 (N.D. Cal. Aug. 16, 2022) (citing *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).  Because Plaintiff's motion targets an inoperative pleading, her motion to strike is moot.  Accordingly, the Court DENIES AS MOOT Plaintiff's motion to strike Defendants' affirmative defenses.

## CONCLUSION

Because Defendants timely removed to this Court and the Court has jurisdiction over the case, the Court DENIES Plaintiff's motion for remand.  And, because Plaintiff's motion to strike targets a pleading that has been rendered inoperative by the filing of an amended pleading, the Court DENIES AS MOOT Plaintiff's motion to strike Defendants' affirmative defenses.

This Order disposes of Dkt. Nos. 8, 12.

**IT IS SO ORDERED.**

Dated: April 11, 2025

JACQUELINE SCOTT CORLEY
United States District Judge