UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KATHLEEN O'NEILL,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA PHYSICIANS' SERVICE, et al.,<br><br>        Defendants. | Case No. 25-cv-00876-JSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGEMENT ON THE PLEADINGS AND PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 33, 36 |
|---|---|

Plaintiff Kathleen O'Neil, proceeding without attorney representation, sues California Physicians' Services, dba Blue Shield of California, and Blue Shield of California Life and Health Insurance Company (collectively, "Defendants") for wrongfully terminating her insurance policy. (Dkt. No. 1.)[1] Pending before the Court are Defendants' motion for judgment on the pleadings and Plaintiff's motion for leave to file an amended complaint. (Dkt. Nos. 33, 36.) After carefully considering the arguments and briefing submitted, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS both motions.

**1. BACKGROUND**

On December 17, 2024, Plaintiff filed her complaint in California state court. (*Id.*) Plaintiff brings claims against Defendants for (1) fraud and deceit, (2) tax fraud, (3) wire fraud, (4) phone fraud, (5) mail fraud, (6) embezzlement, (7) conspiracy to defraud, and (8) a Racketeer Influenced and Corrupt Organizations Act (RICO) claim under 18 U.S.C. § 1962. (*Id.* at 7-14.) Defendants removed to this Court on January 27, 2025, pursuant to 28 U.S.C. § 1441(a), (Dkt. No.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1), and on the same day answered the complaint.  (Dkt. No. 7.)  Plaintiff then unsuccessfully moved to remand the action to state court for lack of federal question jurisdiction, and to strike affirmative defenses.  (Dkt. Nos. 8, 12, 23.)

Defendants now move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on the grounds Plaintiff fails to allege facts sufficient to state a claim for relief as to any claim. (Dkt. No. 33.)  Plaintiff's opposition was due on June 12, 2025, but in lieu of an opposition brief, on June 18, 2025, Plaintiff filed an amended complaint without seeking leave of court to do so.  (Dkt. No. 34.)  After Defendants argued amendment without leave of court was improper, Plaintiff, on June 23, 2025, filed a motion for leave to file her amended complaint as a joint brief opposing Defendants' motion for judgment on the pleadings.  (Dkt. No. 36.)

## 2. DISCUSSION

"'Where a plaintiff "simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it[.]"'" *CyboEnergy, Inc. v. N. Elec. Power Tech., Inc.*, 721 F. Supp. 3d 1050, 1055 (N.D. Cal. 2024) (quoting *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014) (quoting *Homsy v. Bank of Am., N.A.*, No. 13-cv-01608-LB, 2013 WL 2422781, at *5 (N.D. Cal. June 3, 2013))).  Courts consider a plaintiff's failure to oppose a motion as the plaintiff having "conceded those arguments and hav[ing] acknowledged that [her] [] claims should be dismissed on those grounds." *Tovar v. City of San Jose*, No. 21-cv-02497-EJD, 2021 WL 6126931, at *2 (N.D. Cal. Dec. 28, 2021) (collecting cases).

By failing to oppose the motion and instead first seeking to amend her complaint, Plaintiff here concedes her original complaint was deficient and dismissal is warranted.  Indeed, by adding new allegations, Plaintiff acknowledges her previous complaint did not contain sufficient factual matter to state her claims.  *See CyboEnergy*, 721 F. Supp. 3d at 1055 (cleaned up).  Though Plaintiff also subsequently attempted to file a brief in opposition, at this point she had already filed an amended complaint, thus conceding her first complaint did not state a claim upon which relief could be granted.  (*See* Dkt. No. 36 at 2 (requesting the Court "accept her opposition as timely and to deem the First Amended Complaint the operative pleading").)

But Plaintiff attempted to amend her complaint without first seeking leave of Court.  As

Defendants' motion is made pursuant to Federal Rule of Civil Procedure 12(c), Plaintiff could not amend as of right, that is, without leave of Court. *Compare* Fed. R. Civ. Proc. 15 (stating a plaintiff may amend her complaint without leave of court in response to "a motion under Rule 12(b), (e), or (f)."); *with* (Dkt. No. 33 at 2 (Defendants "will and do move under Federal Rule of Civil procedure 12(c) for judgment on the pleadings.").) Despite Plaintiff's improper filing, because she now properly seeks leave of Court to amend her complaint and this is her first amendment, the Court grants leave to amend. *See Yetter v. Ford Motor Co.*, 428 F. Supp. 3d 210, 220 (N.D. Cal. 2019) ("When granting judgment on the pleadings, 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'") (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc)).

Accordingly, the Court GRANTS Defendants' motion and dismisses the complaint. *See Sec. & Exch. Comm'n v. Payward, Inc.*, 763 F. Supp. 3d 901, 907 (N.D. Cal. 2025) ("A court has discretion to permit leave to amend in conjunction with a Rule 12(c) motion and may dismiss causes of action rather than grant judgment. … If a court grants a motion for judgment on the pleadings, leave to amend should be granted unless such amendment would be futile.") (citing *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997)). Further, the Court also GRANTS Plaintiff's motion for leave to amend. *Chen v. Lyft, Inc.*, 762 F. Supp. 3d 909, 920 (N.D. Cal. 2025) ("The court should freely give leave when justice so requires.") (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)). Accordingly, the Court deems Plaintiff's previously-filed amended complaint (Dkt. No. 34) filed and operative. Defendants must file a response to the first amended complaint no later than July 21, 2025.

This Order disposes of Docket Nos. 33 and 36.

**IT IS SO ORDERED.**

//

//

//

Dated: June 27, 2025

JACQUELINE SCOTT CORLEY
United States District Judge