KATHLEEN O'NEILL
*kathleenhope@gmail.com*
3411 Floral Dr.
Santa Cruz, CA 95062
Tel: (831) 291-5914

*Plaintiff, In Pro Se*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN O'NEILL,<br><br>Plaintiff,<br><br>V.<br><br>CALIFORNIA PHYSICIANS' SERVICE, et al.,<br>Defendants. | CASE NO. 3:25-CV-00876<br><br>HON. JACQUELINE SCOTT CORLEY<br><br>**NOTICE OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: June 18, 2026<br>Hearing Time: 10:00 am<br>Courtroom: 8 |

1

## I. INTRODUCTION

Defendants California Physicians' Service and Blue Shield of California Life and Health Insurance Company filed a motion under Rule 12(f) asking the Court to strike multiple portions of Ms. O'Neill's Third Amended Complaint ("TAC"). The hearing is scheduled for June 18, 2026, at 10:00 a.m. before the United States District Court in San Francisco. Specifically, Defendants seek to strike:

- The First Cause of Action for Breach of Contract (paragraphs 27–39);

- The Third Cause of Action under California Business & Professions Code § 17200 (paragraphs 51–57);

- The Fourth Cause of Action for injunctive relief under § 17200 (paragraphs 58–64);

- Requests for prejudgment interest;

- The request for restitutionary disgorgement of profits;

- The request for injunctive relief.

Defendants argue that the Court previously granted leave to amend only for the purpose of adding a claim for breach of the implied covenant of good faith and fair dealing, and they contend that Ms. O'Neill improperly exceeded the scope of that leave by adding additional claims and remedies.

## II. RELEVANT BACKGROUND

This action arises out of a business dispute between Plaintiff and Defendants. On April 9, 2026, this Court granted Defendants' motion to dismiss Plaintiff's Second Amended Complaint. (Dkt. 57.) The Court stated that "[d]ismissal is without leave to amend, except for the claim for breach of implied covenant of good faith and fair dealing." (*Id.* at 1:22–23.) The Court further

instructed that any amended implied covenant claim "must be based on conduct that takes it within the statute of limitations." *(Id*. at 20:19.) The Court also stated that "Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is based on a contract theory, not a tort theory, and therefore has a four-year statute of limitations. Cal. Code Civ. Pro. § 337(1); *Frazier v. Metropolitan Life Ins. Co.*, 169 Cal. App. 3d 90, 102 (1985)." (*Id.* at 3:22-25.) Plaintiff filed the initial Complaint on December 17, 2024. Based on the allegations currently before the Court, and accepting as true that Defendants were paid through April 2021, and that the plan included a three-month grace period before termination for non-payment, the implied covenant of good faith claim(s) all fall within the applicable four-year statute of limitations set forth by this Court.

On April 30, 2026, Plaintiff filed the Third Amended Complaint ("TAC"). The TAC includes claims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of California Business and Professions Code section 17200 et seq.; and (4) injunctive relief under section 17200.

Plaintiff respectfully acknowledges the Court's instruction that "[t]he amended complaint may allege a claim for breach of the implied covenant, but no other claims." (Dkt. 57 at 21.) Plaintiff did not intend to disregard the Court's Order. Rather, as a self-represented litigant attempting in good faith to comply with the Court's guidance, Plaintiff understood the permitted amendment to allow additional factual allegations and related legal theories arising from the same post-2020 conduct the Court identified as potentially actionable within the statute of limitations, including allegations that Defendants "[c]oncealed material information regarding account credits, overpayments, and funds owed to Plaintiff." (*Id.* at 16:13-14.)

Plaintiff believed the additional claims arose from the same nucleus of operative facts and were intertwined with the surviving implied covenant claim, rather than wholly separate claims intended

to expand the scope of the litigation. Plaintiff therefore included those allegations because she understood them to be part of the same alleged course of conduct relevant to Defendants' continuing obligations and alleged bad-faith handling of Plaintiff's account and funds.

Plaintiff recognizes the Court may conclude that portions of the TAC exceeded the scope of leave previously granted. If so, Plaintiff respectfully requests that the Court construe the TAC liberally in light of Plaintiff's pro se status and good-faith effort to comply with the Court's Order, and permit Plaintiff to conform the pleading to the Court's guidance rather than striking allegations wholesale.

## III.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides, in part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Jameson Beach Prop. Owners Ass'n v. United States*, No. 2:13–cv–01025–MCE–AC, 2014 WL 4925253, at *3 (E.D. Cal. Sept. 29, 2014) (citing *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993)). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (citing *Fantasy, Inc.*, 984 F.2d at 1527).

"The function of a 12(f) motion to strike is to avoid he expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (alteration in original) (quoting *Fantasy, Inc.*, 984 F.2d at 1527). As frequently noted by District courts, "the court may choose not to strike the pleading in the interests of judicial economy" even "when a pleading is

improperly filed." *Manzano v. Metlife Bank N.A.*, No. CIV. 2:11–651 WBS DAD, 2011 WL 2080249, at *3 (E.D. Cal. May 25, 2011) (collecting cases). "This is often true when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." *Id.* (citation omitted). Rule 15 further reflects a liberal policy favoring amendment "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2).

Defendants' motion to strike Plaintiff's prayer for relief is procedurally improper under Federal Rule of Civil Procedure 12(f). A court may only strike material from a pleading that fits one of five narrow categories: "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Crucially, Rule 12(f) "does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). Because Defendants' objections to Plaintiff's requested remedies—including damages, restitution, disgorgement, and prejudgment interest—dispute their legal availability rather than their relevance or civility, they raise questions going directly to the merits that require factual development. In this district, motions to strike are generally disfavored and should not be utilized as a backdoor mechanism to dismiss remedies at the pleading stage. Accordingly, because Defendants' motion exceeds the narrow boundaries of Rule 12(f), the request to strike the prayer for relief should be denied.

**IV.     ARGUMENT**

**A. The Court Should Decline to Strike the Challenged Claims Because They Arise From the Same Operative Facts and Do Not Prejudice Defendants**

Rule 12(f) is a limited procedural mechanism intended to "avoid the expenditure of time and money that must arise from litigating spurious issues." *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010). Motions to strike are generally disfavored and are reserved for matters that have no possible bearing on the litigation. Here, although the Court's prior Order permitted amendment only as to Plaintiff's implied covenant claim, the challenged causes of action arise from the same contractual relationship and the same alleged post-2020 conduct involving premium payments through April 2021, account credits, and Defendants' handling and disposition of funds during the relevant period.

The Breach of Contract and UCL claims do not introduce new factual subject matter. Rather, they rely on the same core allegations already at issue in the implied covenant claim, including Defendants' administration of the policy, alleged termination or disruption of coverage, and retention or misclassification of funds allegedly owed under the agreement. Defendants identify no concrete prejudice resulting from the inclusion of these claims. The factual record, discovery scope, and evidentiary proof will substantially overlap regardless of whether the claims proceed as separate causes of action. Under these circumstances, striking entire claims at the pleading stage would likely not meaningfully narrow the litigation or serve judicial efficiency.

Accordingly, to the extent the Court concludes any portion of the pleading exceeds the prior Order, the appropriate remedy is leave to amend rather than striking claims that arise from the same operative facts.

**B. Defendants' Motion to Strike the Prayer for Prejudgment Interest, Restitution, Disgorgement, and Injunctive Relief Should Be Denied Under Whittlestone**

6

Defendants' request to strike Plaintiff's prayer for prejudgment interest, restitution, disgorgement, and injunctive relief exceeds the proper scope of Rule 12(f). The Ninth Circuit has held that Rule 12(f) is limited in scope and does not permit courts to strike substantive allegations or requests for relief on the basis that they are legally insufficient. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010). Whether requested remedies are available is generally a merits issue that must be addressed through a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or summary judgment. *Id.* Here, Defendants' arguments go to whether certain remedies will ultimately be available under Plaintiff's claims, not whether the requests are redundant, immaterial, impertinent, or scandalous. That determination depends on the development of the factual record and resolution of liability. Prejudgment interest, restitution, disgorgement, and injunctive relief are standard forms of relief that may be available depending on the claims ultimately proven and therefore are not properly stricken at the pleading stage. For these reasons, Defendants' request to strike the prayer for relief should be denied.

**C. In the Alternative, Plaintiff Requests Leave to Amend Rather Than Striking Claims With Prejudice**

To the extent the Court finds any portion of the pleading exceeds the scope of the prior Order, Plaintiff respectfully requests leave to amend to conform the complaint to the Court's directive. The Ninth Circuit maintains a strong policy favoring resolution of claims on the merits and liberally permitting amendment where no undue prejudice exists. Fed. R. Civ. P. 15(a)(2). Because Plaintiff is proceeding pro se, her pleadings are to be construed under a less stringent standard than those drafted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Given the

substantial factual overlap among the claims and the early stage of the proceedings, leave to amend would promote judicial efficiency and avoid unnecessary motion practice.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike should be denied in its entirety, and this action should proceed on the merits.

Respectfully submitted,

Dated: May 27, 2026

*Kathleen H. O'Neill*

Kathleen H. O'Neill (*In Pro per)*

**CERTIFICATE OF SERVICE**

I certify that on May 27, 2026, a copy of **NOTICE OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing, as indicated on the Notice of Electronic Filing. The parties may access this filing through the court's CM/ECF system.

*Kathleen H. O'Neill*

Kathleen H. O'Neill (*In Pro per)*